1  Roxanna Tabatabaeepour (SBN 260187)
   Roxanna.Taba@capstonelawyers.com
2  Ryan Tish (SBN 274284)
   Ryan.Tish@capstonelawyers.com
3  Alexander Wallin (SBN 320420)
   Alexander.Wallin@capstonelawyers.com
4  Capstone Law APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:  (310) 556-4811
6  Facsimile:  (310) 943-0396

7  Attorneys for Plaintiff Jacqueline Ahumada

8              UNITED STATES DISTRICT COURT

9       FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  JACQUELINE AHUMADA,            Case No.:  24CV1175 RSH DEB
    individually, and on behalf of other
12  members of the general public       **FIRST AMENDED CLASS ACTION
    similarly situated, and as an       COMPLAINT & ENFORCEMENT
13  aggrieved employee pursuant to the  ACTION UNDER THE PRIVATE
    Private Attorneys General Act       ATTORNEYS GENERAL ACT,
14  ("PAGA"),                           CALIFORNIA LABOR CODE
                                        §§ 2698, *ET SEQ.*
15              Plaintiff,

16       vs.                            (1) Violation of California Labor Code
                                            §§ 510 and 1198 (Unpaid Overtime);
17  GIORGIO ARMANI                      (2) Violation of California Labor Code
    CORPORATION, a New York                 §§ 1182.12, 1194, 1197, 1197.1, and
18  corporation; and DOES 1 through 10,     1198 (Unpaid Minimum Wages);
    inclusive,                         (3) Violation of California Labor Code
19                                          §§ 226.7, 512(a), 516, and 1198
                                            (Failure to Provide Meal Periods);
20              Defendants.            (4) Violation of California Labor Code
                                            §§ 226.7, 516, and 1198 (Failure to
21                                          Authorize and Permit Rest Periods);
                                        (5) Violation of California Labor Code
22                                          §§ 226(a), 1174(d), and 1198 (Non-
                                            Compliant Wage Statements and
23                                          Failure to Maintain Payroll Records);
                                        (6) Violation of California Labor Code
24                                          §§ 201 and 202 (Wages Not Timely
                                            Paid Upon Termination);
25                                      (7) Violation of California Labor Code
                                            § 204 (Failure to Timely Pay Wages
26                                          During Employment);
                                        (8) Violation of California Labor Code
27                                          § 2802 (Unreimbursed Business
                                            Expenses);
28

─────────────────────────────────────────────
FIRST AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(9) Civil Penalties for Violations of California Labor Code, Pursuant to PAGA, §§ 2698, *et seq.*

(10) Violation of California Business & Professions Code §§ 17200, *et seq.* (Unlawful Business Practices); and

(11) Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Business Practices)

**Jury Trial Demanded**

Plaintiff Jacqueline Ahumada, individually and on behalf of all other members of the public similarly situated, and as an aggrieved employee and on behalf of all aggrieved employees, alleges as follows:

## JURISDICTION AND VENUE

1. This class action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover wages and all other available relief on behalf of Plaintiff and all similarly situated current and former non-exempt, hourly paid employees of Defendants, and a non-class representative enforcement action brought pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code sections 2698, *et seq.* ("PAGA") to recover civil penalties and any other available relief on behalf of Plaintiff, the State of California, and other current and former employees who worked for Defendants in California as non-exempt, hourly paid employees and received at least one wage statement and against whom one or more violations of any provision in Division 2 Part 2 Chapter 1 of the Labor Code or any provision regulating hours and days of work in the applicable Industrial Welfare Commission ("IWC") Wage Order were committed, as set forth in this complaint.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) and based on 28 U.S.C. §§ 1441, 1446.

3. Venue is proper in this Court, because this case was originally filed in the Superior Court of California for the County of San Diego. Venue properly lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 84(a), 1391(b), and 1441(a).

4. The PAGA statute authorizes aggrieved employees to sue directly as the proxy of the State of California for civil penalties for violations of various provisions in the California Labor Code.

## THE PARTIES

5. Plaintiff Jacqueline Ahumada is a resident of National City, in San

Diego County, California.  Defendants employed Plaintiff as an hourly paid, non-exempt employee from approximately March 2023 to August 2023. Plaintiff worked for Defendants as a Retail Sales Associate at their store in San Ysidro, California.  During her employment, Plaintiff typically worked seven (7) hours or more per day and five (5) days per week.  Plaintiff's primary job duties included, without limitation, cashiering, providing customer service, making sales, restocking inventory, maintaining customer relationships, and communicating sales and promotions to customers via text messages.

6.    GIORGIO ARMANI CORPORATION was and is, upon information and belief, a New York corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and the State of California.

7.    Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

8.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 were the partners, agents, owners, or managers of GIORGIO ARMANI CORPORATION, at all relevant times.

9.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, GIORGIO ARMANI CORPORATION and/or DOES 1 through 10 (collectively, "Defendants" or "GIORGIO ARMANI"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

10. At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

11. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## GENERAL ALLEGATIONS

12. Defendants design, manufacture, distribute, and retail fashion and lifestyle products including apparel, accessories, eyewear, watches, jewelry, home interiors, fragrances and cosmetics, with 10 store locations in California. Upon information and belief, Defendants maintain a single, centralized Human Resources ("HR") department at their company headquarters in New York City, New York, which is responsible for the recruiting and hiring of new employees, and communicating and implementing Defendants' company-wide policies, including timekeeping policies and meal and rest period policies, to employees throughout California.

13. In particular, Plaintiff and class members, on information and belief, received the same standardized documents and/or written policies. Upon information and belief, the usage of standardized documents and/or written policies, including new-hire documents, indicate that Defendants dictated policies at the corporate level and implemented them company-wide, regardless of their employees' assigned locations or positions. Upon information and belief, Defendants set forth uniform policies and procedures in several documents provided at an employee's time of hire.

14. Upon information and belief, Defendants maintain a centralized Payroll department at their company headquarters in New York City, New York, which processes payroll for all non-exempt, hourly paid employees working for

Defendants at their various locations in California, including Plaintiff and class members. Based upon information and belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid employees in California, irrespective of their work locations. Upon information and belief, Defendants process payroll for departing employees in the same manner throughout the State of California, regardless of the manner in which each employee's employment ends.

15. Defendants continue to employ non-exempt or hourly paid employees in California.

16. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

17. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class members were not paid for all hours worked because all hours worked were not recorded.

18. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

19. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for work that was required to be done off-the-clock. In violation of the California Labor Code, Plaintiff and class members were not paid at least minimum wages for work done off-the-clock.

20. Plaintiff is informed and believes, and thereon alleges, that

Defendants knew or should have known that Plaintiff and class members were entitled to meal periods in accordance with the California Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiff and class members were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rates of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

21.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to rest periods in accordance with the California Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period and that Plaintiff and class members were not authorized and permitted to take compliant rest periods or provided with payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period.

22.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive complete and accurate wage statements in accordance with California law.  In violation of the California Labor Code, Plaintiff and class members were not provided complete and accurate wage statements.

23.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they had a duty to maintain accurate and complete payroll records in accordance with the California Labor Code and applicable IWC Wage Order, but willfully, knowingly, and intentionally failed to do so.

28    24.    Plaintiff is informed and believes, and thereon alleges, that

FIRST AMENDED CLASS ACTION COMPLAINT

Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of all wages earned upon termination of employment. In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages due, including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within permissible time periods.

25.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of wages during their employment.  In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within permissible time periods.

26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to suitable seating and/or were entitled to sit when it did not interfere with the performance of their duties and also have seats nearby to use during a lull in tasks that do require moving about or standing.  In violation of the California Labor Code and applicable IWC Wage Order, Defendants failed to provide Plaintiff and class members with suitable seating.

27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment and that they did not receive full reimbursement of applicable business-related expenses and costs incurred.

28.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and class members for all hours worked, and that

1    Defendants had the financial ability to pay such compensation, but willfully,

2    knowingly, and intentionally failed to do so, and falsely represented to Plaintiff

3    and class members that they were properly denied wages, all in order to increase

4    Defendants' profits.

5                    **PAGA REPRESENTATIVE ALLEGATIONS**

6        29.    At all times herein set forth, PAGA provides that any provision of

7    law under the Labor Code and applicable IWC Wage Order that provides for a

8    civil penalty to be assessed and collected by the Labor and Workforce

9    Development Agency ("LWDA") for violations of the California Labor Code

10   and applicable IWC Wage Order may, as an alternative, be recovered by

11   aggrieved employees in a civil action brought on behalf of themselves and other

12   current or former employees pursuant to procedures outlined in California Labor

13   Code section 2699.3.

14       30.    PAGA defines an "aggrieved employee" in Labor Code section

15   2699(c)(1) as "any person who was employed by the alleged violator and

16   personally suffered each of the violations alleged."

17       31.    Plaintiff and other current and former employees of Defendants are

18   "aggrieved employees" as defined by Labor Code section 2699(c)(1) in that they

19   are all Defendants' current or former employees and each of the alleged

20   violations were committed against them.

21       32.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an

22   aggrieved employee, including Plaintiff, may pursue a civil action arising under

23   PAGA after the following requirements have been met:

24              (a)    The aggrieved employee or representative shall give written

25                     notice by online filing with the LWDA and by certified mail

26                     to the employer of the specific provisions of the California

27                     Labor Code alleged to have been violated, including the facts

28                     and theories to support the alleged violation.

FIRST AMENDED CLASS ACTION COMPLAINT

(b)    An aggrieved employee's notice filed with the LWDA pursuant to 2699.3(a) and any employer response to that notice shall be accompanied by a filing fee of seventy-five dollars ($75).

(c)    The LWDA shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation ("LWDA Notice") within sixty (60) calendar days of the postmark date of the aggrieved employee's notice.  Upon receipt of the LWDA Notice, or if no LWDA Notice is provided within sixty-five (65) calendar days of the postmark date of the aggrieved employee's notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties.

33.    Pursuant to California Labor Code sections 2699.3(c), aggrieved employees, through Plaintiff, may pursue a civil action arising under PAGA for violations of any provision other than those listed in Section 2699.5 after the following requirements have been met:

(a)    The aggrieved employee or representative shall give written notice by online filing with the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated (other than those listed in Section 2699.5), including the facts and theories to support the alleged violation.

(b)    An aggrieved employee's notice filed with the LWDA pursuant to 2699.3(c) and any employer response to that notice shall be accompanied by a filing fee of seventy-five dollars ($75).

FIRST AMENDED CLASS ACTION COMPLAINT

(c)     The employer may cure the alleged violation within thirty-three (33) calendar days of the postmark date of the notice sent by the aggrieved employee or representative.  The employer shall give written notice within that period of time by certified mail to the aggrieved employee or representative and by online filing with the LWDA if the alleged violation is cured, including a description of actions taken, and no civil action pursuant to Section 2699 may commence.  If the alleged violation is not cured within the 33-day period, the aggrieved employee may commence a civil action pursuant to Section 2699.

34.    On June 20, 2024, Plaintiff provided written notice by online filing to the LWDA and by Certified Mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including facts and theories to support the alleged violations, in accordance with California Labor Code section 2699.3.  Plaintiff's written notice was accompanied with the applicable filing fee of seventy-five dollars ($75).  The LWDA PAGA Administrator confirmed receipt of Plaintiff's written notice and assigned Plaintiff PAGA Case Number LWDA-CM-1035378-24.  A true and correct copy of Plaintiff's written notice to the LWDA and Defendants is attached hereto as "Exhibit 1."

35.    As of the filing date of this complaint, over 65 days have passed since Plaintiff sent the notice described above to the LWDA, and the LWDA has not responded that it intends to investigate Plaintiff's claims and Defendants have not cured the violations.

36.    Thus, Plaintiff has satisfied the administrative prerequisites under California Labor Code sections 2699.3(a) and 2699.3(c) to recover civil penalties against Defendants for violations of California Labor Code sections 201, 202,

204, 226(a), 226.7, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, and 2802.

37.    Labor Code section 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid . . . .  (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid . . . ." Labor Code section 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

38.    Defendants, at all times relevant to this complaint, were employers or persons acting on behalf of an employer(s) who violated Plaintiff's and other aggrieved employees' rights by violating various sections of the California Labor Code as set forth above.

39.    As set forth below, Defendants have violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable IWC Wage Order.

40.    Pursuant to PAGA, and in particular, California Labor Code sections 1194.5, 2699(a), 2699(k), 2699.3(a), 2699.3(c), and 2699.5, and section 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of civil penalties and injunctive relief for herself, all other aggrieved employees, and the State of California against Defendants for violations of California Labor Code sections 201, 202, 204, 226(a), 226.7, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, and 2802.

## CLASS ACTION ALLEGATIONS

41.    Plaintiff brings this action on her own behalf, as well as on behalf of

1   each and all other persons similarly situated, and thus seeks class certification

2   under Rule 23 of the Federal Rules of Civil Procedure.

3       42.   All claims alleged herein arise under California law for which

4   Plaintiff seeks relief authorized by California law.

5       43.   Plaintiff's proposed class consists of and is defined as follows:

6           All persons who worked for Defendants as non-exempt,
7           hourly paid employees in California, within four years
            prior to the filing of the initial complaint until the date of
8           trial ("Class").

9       44.   Plaintiff's proposed subclass consists of and is defined as follows:

10          All persons who worked for Defendants as non-exempt,
            hourly paid employees in California and who received at
11          least one wage statement within one (1) year prior to the
            filing of the initial complaint until the date of trial
12          ("Subclass").

13      45.   Members of the Class and Subclass are referred to herein as "class

14  members."

15      46.   Plaintiff reserves the right to redefine the Class and Subclass and to

16  add additional subclasses as appropriate based on further investigation,

17  discovery, and specific theories of liability.

18      47.   This action is brought and properly may be maintained as a class

19  action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4)

20  and 23(b)(1), (b)(2), or (b)(3) and satisfies the requirements thereof.

21      48.   According to Defendants' removal papers, there are at least 752

22  non-exempt, hourly paid employees working for Defendants across California

23  during the relevant period.  Thus, it is reasonable to presume that the members of

24  the class are so numerous that joinder of all members is impracticable.  The

25  disposition of their claims in a class action will provide substantial benefits to

26  the parties and the Court.

27      49.   Plaintiff's claims are typical of those of the class members, because

28  Plaintiff suffered the violations set forth in this First Amended Complaint.

50.    Plaintiff will adequately protect the interests of class members. Plaintiff has no interests that are adverse to or conflict with class members and is committed to the vigorous prosecution of this action.  To that end, Plaintiff has retained counsel who is competent and experienced in handling class actions on behalf of employees.

51.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the amount suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this case as a class action.

52.    There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a)    Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiff and class members;

(b)    Whether Defendants failed to pay Plaintiff and class members at least minimum wages for all hours worked;

(c)    Whether Defendants failed to provide Plaintiff and class members with meal periods;

(d)    Whether Defendants failed to authorize and permit Plaintiff and class members to take rest periods;

(e)    Whether Defendants provided Plaintiff and class members with complete and accurate wage statements as required by

Page 12

California Labor Code section 226(a);

(f)    Whether Defendants maintained accurate payroll records as required by California Labor Code section 1174(d);

(g)    Whether Defendants failed to pay earned overtime wages, minimum wages, and/or meal and rest period premiums due to Plaintiff and class members upon their discharge;

(h)    Whether Defendants failed timely to pay overtime wages, minimum wages, and/or meal and rest period premiums due to Plaintiff and class members during their employment;

(i)    Whether Defendants failed to reimburse Plaintiff and class members for necessary and required business-related expenditures and/or losses incurred by them in the scope of their employment;

(j)    Whether Defendants engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(k)    The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime

### (Against all Defendants)

53.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

54.    Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable IWC Wage Order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for

employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

55.    California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

56.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1 ½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

57.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.  An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses and incentive pay.

58.    California Labor Code section 510 codifies the right to overtime compensation at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh (7th) day of work, and to overtime compensation at twice the employee's regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh (7th) day of work.

59.    During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff and class members.  During the relevant time period, Plaintiff and class members were not paid overtime premiums for all

1  of the hours they worked in excess of eight (8) hours in a day, in excess of

2  twelve (12) hours in a day, and/or in excess of forty (40) hours in a week,

3  because all hours worked were not recorded.

4      60.   First, during the relevant time period, Defendants had, and continue

5  to have, a company-wide policy and/or practice of discouraging and impeding

6  Plaintiff and class members from recording hours worked that were outside of

7  their scheduled shifts in order to limit the amount of overtime employees could

8  accrue.  On information and belief, this policy of limiting overtime, coupled with

9  Defendants' practices of understaffing and assigning heavy workloads (*see*

10  *infra*), led Plaintiff and class members to work off-the-clock outside of their

11  scheduled shift times in order to complete their assigned tasks.  For example,

12  approximately once per week, at Defendants' management's direction, Plaintiff

13  was required to complete closing tasks after clocking out from her shifts, such as

14  restocking inventory, folding clothes, and cleaning.  Additionally, Defendants

15  required Plaintiff and class members to communicate new sales and promotions

16  to their customers via the WhatsApp mobile application to maximize their sales

17  and meet the sales quotas; Defendants instructed Plaintiff to handle these

18  communications off the clock.  This off-the-clock work could have been

19  recorded by Defendants, but they refused to do so to avoid the payment of

20  additional wages to Plaintiff and class members.

21      61.   Second, Defendants had, and continue to have, a company-wide

22  security policy and/or practice requiring employees to leave the store premises

23  together in pairs and/or groups for closing shifts.  After clocking out at the end of

24  their shifts, Plaintiff and class members were required to wait for all other

25  employees to complete their own duties, such as managers balancing the

26  registers, before they were released and could leave Defendants' premises

27  together.  For example, Plaintiff would clock out and then have to wait until her

28  manager finished tallying store funds.  As a result, Plaintiff and class members

were subject to Defendants' control after they had clocked out from their shifts, but were not compensated for this time.

62.   Third, Defendants, on a company-wide basis, had a policy of requiring employees to undergo mandatory security checks when exiting the premises for loss prevention purposes.  As a result of Defendants' policy, Plaintiff and class members were required to undergo security screenings after clocking out at the end of a shift or at the beginning of a meal period before Defendants permitted them to leave the premises.  For example, before Plaintiff was permitted to leave the premises for her meal period and at the end of her shift, Plaintiff was required to wait off-the-clock for a managerial employee to check her bag.  Although Defendants' requirement that Plaintiff and class members undergo security checks was mandatory, Defendants did not compensate them for the time they spent off-the-clock after shifts or during unpaid meal periods undergoing these checks while under Defendants' control.

63.   Fourth, as stated, Defendants had, and continue to have, company-wide policies and/or practices of understaffing their locations, such that there were too few employees on duty to handle the workload and attend to customers, while also pressuring employees to meet sales quotas.  Defendants' policies and/or practices resulted in a failure to provide Plaintiff and class members with adequate meal period coverage, and thus, Plaintiff and class members were not always afforded uninterrupted 30-minute meal periods during shifts when they were entitled to receive a meal period.  Defendants also had a practice of failing to adhere to a schedule for meal periods, which further caused Plaintiff and class members to not be relieved of their duties for compliant meal periods.  For example, Plaintiff and class members worked through their meal periods or had them interrupted to communicate with customers and send them promotion and sales updates.

64.   Fifth, on information and belief, Defendants had, and continue to

have, a policy and/or practice of requiring that Plaintiff and class members carry company-issued radios and respond to requests at all times.  As a result, Defendants' management sometimes contacted Plaintiff and class members on the radios during unpaid meal periods to discuss work-related matters. Defendants knew or should have known that Plaintiff and class members were performing work while off-the-clock in order to meet Defendants' expectations, but failed to compensate them for this time.

65.    Sixth, on information and belief, because Defendants frowned upon employees accruing meal period penalties, Defendants' management pressured Plaintiff and class members to record compliant meal periods, regardless of whether they had received a compliant meal period or not, in order to strictly limit the meal penalties that Defendants would otherwise owe.  Thus, Defendants did not record all hours worked during meal periods, and Plaintiff and class members performed work during meal periods for which they were not paid.

66.    Defendants knew or should have known that as a result of these company-wide practices and/or policies, Plaintiff and class members were performing their assigned duties off-the-clock after their shifts and during meal periods, and were suffered or permitted to perform work for which they were not paid.  Because Plaintiff and class members worked shifts of eight (8) hours or more a day, or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay.  Therefore, Plaintiff and class members were not paid overtime wages for all of the overtime hours they actually worked.

67.    Defendants' failure to pay Plaintiff and class members the balance of overtime compensation as required by California law, violates the provisions of California Labor Code sections 510 and 1198.  Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover from Defendants their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid Minimum Wages**

**(Against all Defendants)**

68.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

69.   At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.  Compensable work time is defined in IWC Wage Order No. 7-2001 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."  Cal. Code Regs. tit. 8, § 11070(2)(G) (defining "Hours Worked").

70.   As set forth above, as a result of Defendants' policy of limiting the amount of overtime employees could accrue, Defendants required Plaintiff and class members to perform work off-the-clock after their scheduled shifts to complete work-related tasks, such as restocking inventory, folding clothes, cleaning, and communicating promotions and sales to customers via messages. Further, Defendants implemented company-wide security and loss prevention practices and/or policies, including requiring employees to wait for coworkers to complete their closing duties before being allowed to leave the store premises and to undergo mandatory security checks when exiting the premises. Defendants failed to track this time that Plaintiff and class members spent working off-the-clock, and Plaintiff and class members received no compensation for this time.

71.   Further, as also stated, due to Defendants' policies and/or practices of understaffing their locations while assigning heavy workloads, including

pressure to meet sales quotas, failing to adhere to a schedule for meal periods, and requiring employees to respond to radio communications, Plaintiff and class members were impeded from taking all uninterrupted meal periods to which they were entitled and were required to work off-the-clock during meal periods, have their meal periods interrupted, and/or were otherwise not relieved of all duties during unpaid meal periods. Moreover, as stated, in order to prevent employees from accruing meal period penalties, upon information and belief, Defendants' management pressured Plaintiff and class members to record compliant meal periods, even when meal periods were missed, short, and/or interrupted. Thus, Defendants systematically failed to pay Plaintiff and class members for actual hours worked during unpaid meal periods because these hours were not always correctly recorded.

72.  Defendants did not pay minimum wages for all hours worked by Plaintiff and class members. To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

73.  Defendants' failure to pay Plaintiff and class members minimum wages violates California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198. Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover from Defendants liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## THIRD CAUSE OF ACTION

## Violations of California Labor Code §§ 226.7, 512(a), 516, and 1198—Meal Period Violations

## (Against all Defendants)

74.  Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

75.    At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.  Under California law, first meal periods must start after no more than five hours.  *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (2012).

76.    At all relevant times herein set forth, California Labor Code sections 226.7, 512(a), 516, and 1198 provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

77.    At all relevant times herein set forth, Labor Code sections 226.7 and 512(a), and the applicable IWC Wage Order also require employers to provide a second meal period of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

78.    As stated, Defendants had, and continue to have, company-wide policies and/or practices of understaffing while assigning heavy workloads, including pressuring employees to meet sales quotas, which has resulted in a lack of meal period coverage and prevented Plaintiff and class members from taking all timely, uninterrupted meal periods to which they were entitled.  Moreover, Defendants' management erroneously informed Plaintiff and class members that they were not entitled to a meal period when they worked shifts of less than seven (7) hours.  Further, as stated, Defendants had a company-wide practice

and/or policy of failing to adhere to a schedule for meal periods, which further caused Plaintiff and class members to not be relieved of their duties for compliant meal periods.  Additionally, as set forth above, pursuant to Defendants' loss prevention policy, Plaintiff and class members were required to submit to off-the-clock security checks after clocking out for their meal periods, resulting in shortened meal periods.

79.    As a result, Plaintiff and class members had to work through all or part of their meal periods, had their meal periods interrupted, and/or had to wait extended periods of time before taking meal periods.  For example, as stated, Plaintiff sometimes had to forgo and work through her meal periods.  As a further example, Defendants' management instructed Plaintiff to communicate promotions and sales to customers via phone messages off the clock, including during unpaid meal periods.  Additionally, Plaintiff took her meal periods late, after the fifth hour of work, due to the lack of coverage and heavy workload.

80.    Moreover, as stated, Defendants had, and continue to have, a company-wide policy and/or practice of requiring that Plaintiff and class members respond to requests on company-issued radios, including during meal periods.  As a result, Defendants' management contacted Plaintiff and class members on these radios during meal periods to discuss work-related matters and assign tasks.

81.    Further, as stated, on information and belief, because Defendants frowned upon employees accruing meal period penalties, Defendants' management pressured Plaintiff and class members to record compliant meal periods, even when they did not receive a compliant meal period, in order to strictly limit the meal penalties that Defendants would otherwise owe.  Plaintiff and class members did not sign valid meal period waivers on days that they were entitled to meal periods and were not relieved of all duties.

82.    At all times herein mentioned, Defendants knew or should have

known that, as a result of these policies, Plaintiff and class members were prevented from being relieved of all duties and required to perform some of their assigned duties during meal periods.  Defendants further knew or should have known that Defendants did not pay Plaintiff and class members meal period premiums when meal periods were missed, shortened, interrupted, and/or late.

83.    Moreover, Defendants engaged in a company-wide practice and/or policy of not paying meal period premiums owed when compliant meal periods are not provided.  Because of this practice and/or policy, Plaintiff and class members have not received premium pay for missed, late, and interrupted meal periods.  As a result, Defendants failed to provide Plaintiff and class members compliant meal periods in violation of California Labor Code sections 226.7, 512(a), and 516 and failed to pay the full meal period premiums due.

84.    Defendants' conduct violates the applicable IWC Wage Order, and California Labor Code sections 226.7, 512(a), 516, and 1198.  Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7, 516, and 1198—Rest Period Violations**

**(Against all Defendants)**

85.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

86.    At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198 were applicable to Plaintiff's and class members' employment by Defendants.

87.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods,

which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

88.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.  To comply with its obligation to authorize and permit rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties—including the obligation that an employee remain on call.  A rest period, in short, must be a period of rest." *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 273 (2016).  California Labor Code section 226.7 and the applicable IWC Wage Order also provide that rest periods shall be counted as hours worked for which there shall be no deduction from wages.

89.    Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at their regular rates of pay for each work day that a required rest period was not authorized and permitted.

90.    During the relevant time period, Defendants regularly failed to authorize and permit Plaintiff and class members to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof.  As with meal periods, Defendants' company-wide practices, including understaffing and assigning heavy workloads, including pressure to meet sales quotas, prevented Plaintiff and class members from being relieved of all duty to take rest periods. Additionally, Defendants failed to adhere to a schedule for rest periods, which, coupled with Defendants' failure to provide adequate rest period coverage, further led to Plaintiff and class members not being authorized and permitted to

take rest periods.  Moreover, as stated, Defendants had, and continue to have, a policy and/or practice of requiring that Plaintiff and class members carry a company-issued radio to respond to requests from management at all times, including during rest periods.

91.    Furthermore, on information and belief, Defendants maintained and implemented a company-wide on-premises rest period policy, which effectively required that Plaintiff and/or class members remain on the premises during their rest periods.  Because Plaintiff and/or class members were restricted from leaving Defendants' premises during rest periods, they were denied the ability to use their rest periods freely for their own purposes, such as completing personal errands.  Thus, Defendants effectively maintained control over Plaintiff and/or class members during rest periods.

92.    As a result of Defendants' practices and policies, Plaintiff and class members worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without receiving all uninterrupted rest periods to which they were entitled.  For example, Plaintiff missed her rest periods approximately three (3) times per week due to the lack of coverage and heavy workload.

93.    Defendants have also engaged in a company-wide practice and/or policy of not paying rest period premiums owed when compliant rest periods are not authorized and permitted.  Because of this practice and/or policy, Plaintiff and class members have not received premium pay for all missed rest periods.

94.    Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198.  Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period was not authorized and permitted.

//

//

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226(a), 1174(d), and 1198—Non-Compliant Wage Statements and Failure to Maintain Accurate Payroll Records**

**(Against all Defendants)**

95.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

96.   At all relevant times herein set forth, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate and complete itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, the inclusive dates of the pay period, total hours worked, and all applicable rates of pay.

97.   At all relevant times, Defendants have knowingly and intentionally provided Plaintiff and Subclass members with uniform, incomplete, and inaccurate wage statements.  For example, Defendants issued uniform wage statements to Plaintiff and Subclass members that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period, including rates of pay for overtime wages, and the corresponding number of hours worked at each hourly rate.  Specifically, Defendants violated sections 226(a)(1), 226(a)(2), 226(a)(5), and 226(a)(9).

98.   Because Defendants did not record the time Plaintiff and Subclass members spent working off the clock and deducted time from their meal periods that were missed and/or interrupted (and therefore time for which they should have been paid), Defendants did not list the correct amount of gross wages and net wages earned by Plaintiff and Subclass members in compliance with sections 226(a)(1) and 226(a)(5).  For the same reason, Defendants failed to accurately list the total number of hours worked by Plaintiff and Subclass members, in

1    violation of section 226(a)(2), and failed to list the applicable hourly rates of pay

2    in effect during the pay period and the corresponding accurate number of hours

3    worked at each hourly rate, in violation of section 226(a)(9).

4        99.    The wage statement deficiencies also include, among other things,

5    failing to list the number of piece-rate units earned and any applicable piece rate

6    if the employee is paid on a piece-rate basis; failing to list all deductions; failing

7    to list the inclusive dates of the period for which employees were paid; failing to

8    list the name of the employee and only the last four digits of his or her social

9    security number or an employee identification number other than a social

10   security number; failing to list the name and address of the legal entity that is the

11   employer; and/or failing to state all hours worked as a result of not recording or

12   stating hours worked off-the-clock.

13       100.    California Labor Code section 1174(d) provides that "[e]very person

14   employing labor in this state shall . . . [k]eep a record showing the names and

15   addresses of all employees employed and the ages of all minors" and "[k]eep, at

16   a central location in the state or at the plants or establishments at which

17   employees are employed, payroll records showing the hours worked daily by and

18   the wages paid to, and the number of piece-rate units earned by and any

19   applicable piece rate paid to, employees employed at the respective plants or

20   establishments . . . ."  At all relevant times, and in violation of Labor Code

21   section 1174(d), Defendants willfully failed to maintain accurate payroll records

22   for Plaintiff and Subclass members showing the daily hours they worked and the

23   wages paid thereto as a result of failing to record the off-the-clock hours that

24   they worked.

25       101.    California Labor Code section 1198 provides that the maximum

26   hours of work and the standard conditions of labor shall be those fixed by the

27   Labor Commissioner and as set forth in the applicable IWC Wage Order.

28   Section 1198 further provides that "[t]he employment of any employees for

longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Pursuant to the applicable IWC Wage Order, employers are required to keep accurate time records showing when the employee begins and ends each work period and meal period. During the relevant time period, Defendants engaged in company-wide practices and/or policies of failing to record actual hours worked, and thereby failed to keep accurate records of work period and meal period start and end times for Plaintiff and Subclass members, in violation of section 1198.

102. Plaintiff and Subclass members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202—Wages Not Timely Paid Upon Termination**

**(Against all Defendants)**

103. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

104. This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, and/or meal and rest period premiums that were not timely paid to Plaintiff those class members no longer employed by Defendants upon their termination.

105. At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her

intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

106.    Defendants willfully failed to pay Plaintiff and class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

107.    Defendants' failure to pay Plaintiff and class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202.  Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SEVENTH CAUSE OF ACTION

### Violation of California Labor Code § 204—Failure to Timely Pay Wages During Employment

### (Against all Defendants)

108.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

109.    This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, and/or meal and rest period premiums that were not timely paid to Plaintiff and class members during their employment.

110.    At all times relevant herein set forth, Labor Code section 204 provides that all wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during

1  which the labor was performed.

2      111.  At all times relevant herein, Labor Code section 204 provides that

3  all wages earned by any person in any employment between the sixteenth (16th)

4  and the last day, inclusive, of any calendar month, other than those wages due

5  upon termination of an employee, are due and payable between the first (1st) and

6  the tenth (10th) day of the following month.

7      112.  At all times relevant herein, Labor Code section 204 provides that

8  all wages earned for labor in excess of the normal work period shall be paid no

9  later than the payday for the next regular payroll period.  Alternatively, at all

10  times relevant herein, Labor Code section 204 provides that the requirements of

11  this section are deemed satisfied by the payment of wages for weekly, biweekly,

12  or semimonthly payroll if the wages are paid not more than seven (7) calendar

13  days following the close of the payroll period.

14      113.  During the relevant time period, Defendants willfully failed to pay

15  Plaintiff and class members all wages due including, but not limited to, overtime

16  wages, minimum wages, and/or meal and rest period premiums, within the time

17  periods specified by California Labor Code section 204.

18      114.  Defendants' failure to pay Plaintiff and class members all wages due

19  violates Labor Code section 204.  Plaintiff and class members are therefore

20  entitled to recover from Defendants the statutory penalty wages pursuant to

21  California Labor Code section 210.

22                          **EIGHTH CAUSE OF ACTION**

23  **Violation of California Labor Code § 2802—Unpaid Business-Related**

24                                  **Expenses**

25                          **(Against all Defendants)**

26      115.  Plaintiff incorporates by reference and re-alleges as if fully stated

27  herein each and every allegation set forth above.  At all times herein set forth,

28  California Labor Code section 2802 provides that an employer must reimburse

employees for all necessary expenditures and losses incurred by the employee in the performance of his or her job.  The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees.  *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014).  The applicable wage order, IWC Wage Order No. 7-2001, provides that: "[w]hen the employer requires the use of tools or equipment or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may provide and maintain hand tools and equipment customarily required by the trade or craft."

116.    During the relevant time period, Defendants, on a company-wide basis, required that Plaintiff and class members use their own personal mobile devices, including, but not limited to, cellular phones, and/or mobile data to carry out their job duties, but failed to reimburse them for the costs of their work-related mobile device expenses.  For example, Plaintiff and class members were required to use their personal mobile devices for work-related tasks, including responding to calls from management and contacting customers with sales and promotions via messages on the WhatsApp mobile application. Although Defendants required Plaintiff and class members to utilize their personal mobile devices and/or mobile data to carry out their work-related responsibilities, Defendants failed to reimburse them for these costs.

117.    Defendants could have provided Plaintiff and class members with the actual equipment for use on the job, such as company mobile devices.  Or, Defendants could have reimbursed employees for the costs of their mobile device usage.  Instead, Defendants passed these operating costs off onto Plaintiff and class members.  At all relevant times, Plaintiff did not earn at least two (2) times the minimum wage.

118.  Defendants' company-wide policy and/or practice of not reimbursing employees for expenses necessarily incurred and passing on their operating costs to Plaintiff and class members violates California Labor Code section 2802.  Defendants have intentionally and willfully failed to reimburse Plaintiff and class members for necessary business-related expenses and costs.

119.  Plaintiff and class members are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest.

## NINTH CAUSE OF ACTION

### For Civil Penalties Pursuant to California Labor Code §§ 2698, *et seq.*

### (Against all Defendants)

120.  Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

121.  California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code section 2699.5.  Section 2699.5 enumerates Labor Code sections 201, 202, 204, 1174(d), and 1198.  Labor Code section 2699.3(c) permits aggrieved employees, including Plaintiff, to recover civil penalties for violations of those Labor Code sections not found in section 2699.5, including sections 226(a), 226.7, 510, 512(a), 516, 1182.12, 1194, 1197, 1197.1, and 2802.

122.  Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, the following:

      (a)      Violation of Labor Code sections 510 and 1198, and the applicable IWC Wage Order for Defendants' failure to compensate Plaintiff and other aggrieved employees with all required overtime pay, as alleged herein;

      (b)      Violation of Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order for

1  Defendants' failure to compensate Plaintiff and other

2  aggrieved employees with at least minimum wages for all

3  hours worked, as alleged herein;

4  (c)  Violation of Labor Code sections 226.7, 512(a), 516, and

5  1198, and the applicable IWC Wage Order for Defendants'

6  failure to provide Plaintiff and other aggrieved employees

7  with meal periods, as alleged herein;

8  (d)  Violation of Labor Code sections 226.7, 516, and 1198, and

9  the applicable IWC Wage Order for Defendants' failure to

10  authorize and permit Plaintiff and other aggrieved employees

11  to take rest periods, as alleged herein;

12  (e)  Violation of Labor Code sections 226(a) and 1198, and the

13  applicable IWC Wage Order for failure to provide accurate

14  and complete wage statements to Plaintiff and other aggrieved

15  employees, as alleged herein;

16  (f)  Violation of Labor Code sections 1174(d) and 1198, and the

17  applicable IWC Wage Order for failure to maintain payroll

18  records, as alleged herein;

19  (g)  Violation of Labor Code sections 201 and 202 for failure to

20  pay all earned wages upon termination, as alleged herein;

21  (h)  Violation of Labor Code section 204 for failure to pay all

22  earned wages during employment, as alleged herein;

23  (i)  Violation of Labor Code section 1198 and the applicable IWC

24  Wage Order for failure to provide suitable seating, as set forth

25  below; and

26  (j)  Violation of Labor Code section 2802 for failure to reimburse

27  Plaintiff and other aggrieved employees for all business

28  expenses necessarily incurred, as alleged herein.

FIRST AMENDED CLASS ACTION COMPLAINT

123.   At all relevant times herein, California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

124.   California Code of Regulations, Title 8, section 11070(14)(A) provides that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."

125.   Defendants' stores are generally similar in their layout and design and there was, and continues to be, space behind cash wraps to allow for the presence and use of a seat or stool by Plaintiff and other aggrieved employees (with reasonable or no modification to these work areas) during the performance of their work duties.  Defendants could have provided Plaintiff and other aggrieved employees with a seat or stool at their cash wraps, but instead denied employees seating and forced Plaintiff and other aggrieved employees to stand throughout the day.

126.   Plaintiff and other aggrieved employees spent a substantial portion of their day behind or at these cash wraps.  The nature of the work of an employee performing cashier duties can reasonably be accomplished from a seated position.  However, as set forth herein, Defendants systematically, and on a company-wide basis, do not provide seats or stools at or near the cash wraps, forcing Plaintiff and other aggrieved employees to stand throughout their work shifts.

127.   Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(14)(A) because Plaintiff and other aggrieved employees were not allowed to sit, even when the nature of their work would reasonably permit the use of seats, nor were they provided with

suitable seats.  Defendants' management did not inform Plaintiff and other aggrieved employees that they were allowed to sit down, provide any means for them to sit down, or mention any policy regarding sitting.

128.  As a result of Defendants' company-wide policy and/or practice of prohibiting employees from sitting during their shifts and company-wide failure to provide suitable seating, Plaintiff and other aggrieved employees were forced to stand during shifts and denied seats.  Defendants' failure to provide suitable seating to Plaintiff and other aggrieved employees violates California Labor Code section 1198 and IWC Wage Order No. 7-2001, subdivision 14(A). Plaintiff and other aggrieved employees are therefore entitled to recover civil penalties pursuant to Labor Code sections 2699(a), (f), and (k).

129.  California Code of Regulations, Title 8, section 11070(14)(B) provides that "[w]hen employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

130.  During the relevant time period, Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(14)(B), because Plaintiff and other aggrieved employees were not allowed to sit, even during lulls in their work duties, nor were they provided with suitable seats in reasonable proximity to their work areas.

131.  Defendants' California stores are generally similar in their layout and design and there was, and continues to be, space near their work areas (with reasonable or no modification to these work areas) to allow for the presence and use of a seat or stool by Plaintiff and other aggrieved employees during lulls in operation.  Defendants could have provided Plaintiff and other aggrieved employees with a seat or stool in their work areas, but instead denied, and

continue to deny, employees seating, forcing them to stand throughout the day.

132.    Defendants did not provide Plaintiff and other aggrieved employees with seats or stools in reasonable proximity to their work areas to allow them to use seats when it would not interfere with the performance of their duties for times when they were not engaged in active duties that require standing.  In other words, to the extent Plaintiff and other aggrieved employees engaged in duties in which the nature of the work required standing, Defendants denied them the use of seats nearby during lulls in their work duties.  Moreover, Defendants did not inform Plaintiff and other aggrieved employees of their rights to a seat or stool under California law.

133.    As a result of Defendants' company-wide policy and/or practice of prohibiting employees from sitting at any time, even when they were not engaged in active duties requiring standing, and company-wide failure to provide seats in reasonable proximity to their work areas, Plaintiff and other aggrieved employees were forced to stand during shifts and denied seats.  Defendants' failure to provide suitable seating to Plaintiff and other aggrieved employees violates California Labor Code section 1198 and IWC Wage Order No. 7-2001, subdivision 14(B).  Plaintiff and other aggrieved employees are therefore entitled to recover civil penalties pursuant to Labor Code sections 2699(a), (f), and (k).

## TENTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, *et seq.* – Unlawful Business Practices

### (Against all Defendants)

134.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

135.    Defendants are "persons" as defined by California Business & Professions Code section 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

136.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful business practices.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

137.    Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq*.

138.    A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

(a)    Requiring non-exempt, hourly paid employees, including Plaintiff and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198, and the applicable IWC Wage Order, as alleged herein;

(b)    Failing to pay at least minimum wage to Plaintiff and class members in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order, as alleged herein;

(c)    Failing to provide all meal periods to Plaintiff and class members in violation of California Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(d)    Failing to authorize and permit Plaintiff and class members to take all rest periods in violation of California Labor Code

Page 36

sections 226.7, 516, and 1198, and the applicable IWC Wage

Order, as alleged herein;

(e)     Failing to provide Plaintiff and class members with accurate

wage statements and failing to maintain accurate payroll

records in violation of California Labor Code sections 226(a),

1174(d), and 1198, and the applicable IWC Wage Order, as

alleged herein;

(f)     Failing timely to pay all earned wages to Plaintiff and class

members in violation of California Labor Code section 204,

as alleged herein; and

(g)     Failing to reimburse Plaintiff and class members for all

business expenses necessarily incurred in violation of

California Labor Code section 2802, as alleged herein.

139.   As a result of the violations of California law herein described, Defendants unlawfully gained an unfair advantage over other businesses. Plaintiff and class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

140.   Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of the initial complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

//

//

//

//

FIRST AMENDED CLASS ACTION COMPLAINT

# ELEVENTH CAUSE OF ACTION

## Violation of California Business & Professions Code §§ 17200, *et seq.* – Unfair Business Practices

## (Against all Defendants)

141.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

142.   Defendants are "persons" as defined by California Business & Professions Code section 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

143.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiff, class members, and to the general public. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair business practices.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

144.   Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiff and class members all meal and rest period premiums due to them under Labor Code section 226.7, deprived Plaintiff and class members of the compensation guarantee and enhanced enforcement implemented by section 226.7.  The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct."  *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015).  The statutory benefits of section 226.7 were guaranteed to Plaintiff and class members as part of their employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, *et seq.*  (*Id.*)

145.   A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on any unfair business practice.  In the instant

1   case, Defendants' policies and practices have violated the spirit of California's

2   meal and rest period laws and constitute acts against the public policy behind

3   these laws.

4        146.  Pursuant to California Business & Professions Code sections 17200,

5   *et seq.*, Plaintiff and class members are entitled to restitution for the class-wide

6   loss of the statutory benefits implemented by section 226.7 withheld and retained

7   by Defendants during a period that commences four years prior to the filing of

8   the initial complaint; a permanent injunction requiring Defendants to pay all

9   statutory benefits implemented by section 226.7 due to Plaintiff and class

10  members; an award of attorneys' fees pursuant to California Code of Civil

11  Procedure section 1021.5 and other applicable laws; and an award of costs.

12  **REQUEST FOR JURY TRIAL**

13      Plaintiff requests a trial by jury.

14  **PRAYER FOR RELIEF**

15      Plaintiff, on behalf of all others similarly situated, prays for relief and

16  judgment against Defendants, jointly and severally, as follows:

17      1.   For damages, unpaid wages, penalties, injunctive relief, and

18  attorneys' fees in excess of twenty-five thousand dollars ($25,000), exclusive of

19  interest and costs.  Plaintiff reserves the right to amend her prayer for relief to

20  seek a different amount.

21  **Class Certification**

22      2.   That this case be certified as a class action;

23      3.   That Plaintiff be appointed as the representative of the Class and

24  Subclass;

25      4.   That counsel for Plaintiff be appointed as class counsel.

26  **As to the First Cause of Action**

27      5.   That the Court declare, adjudge, and decree that Defendants violated

28  California Labor Code sections 510 and 1198, and the applicable IWC Wage

Order by willfully failing to pay all overtime wages due to Plaintiff and class members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due, or as otherwise provided by law;

8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

10.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order by willfully failing to pay minimum wages to Plaintiff and class members;

11.    For general unpaid wages and such general and special damages as may be appropriate;

12.    For pre-judgment interest on any unpaid compensation from the date such amounts were due, or as otherwise provided by law;

13.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14.    For liquidated damages pursuant to California Labor Code section 1194.2; and

15.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

16.    That the Court declare, adjudge, and decree that Defendants violated

California Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order by willfully failing to provide all meal periods to Plaintiff and class members;

17.   That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a meal period was not provided;

18.   For all actual, consequential, and incidental losses and damages, according to proof;

19.   For premiums pursuant to California Labor Code section 226.7(c);

20.   For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due, or as otherwise provided by law;

21.   For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

22.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

23.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order by willfully failing to authorize and permit Plaintiff and class members to take all rest periods;

24.   That the Court make an award to the Plaintiff and class members of one (l) hour of pay at each employee's regular rate of pay for each workday that a rest period was not authorized and permitted;

25.   For all actual, consequential, and incidental losses and damages, according to proof;

26.   For premiums pursuant to California Labor Code section 226.7(c);

27.   For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due, or as otherwise provided by law;

1      28.    For attorneys' fees pursuant to California Code of Civil Procedure

2  section 1021.5, or as otherwise provided by law; and

3      29.    For such other and further relief as the Court may deem equitable

4  and appropriate.

5  **As to the Fifth Cause of Action**

6      30.    That the Court declare, adjudge and decree that Defendants violated

7  the recordkeeping provisions of California Labor Code section 226(a) and the

8  applicable IWC Wage Order as to Plaintiff and Subclass members, and willfully

9  failed to provide accurate itemized wage statements thereto;

10      31.    For all actual, consequential, and incidental losses and damages,

11  according to proof;

12      32.    For injunctive relief pursuant to California Labor Code section

13  226(h);

14      33.    For statutory penalties pursuant to California Labor Code section

15  226(e);

16      34.    For attorneys' fees and costs pursuant to California Labor Code

17  section 226(e)(1); and

18      35.    For such other and further relief as the Court may deem equitable

19  and appropriate.

20  **As to the Sixth Cause of Action**

21      36.    That the Court declare, adjudge and decree that Defendants violated

22  California Labor Code sections 201 and 202 by willfully failing to pay overtime

23  wages, minimum wages, and/or meal and rest period premiums owed at the time

24  of termination of the employment of Plaintiff and other terminated class

25  members;

26      37.    For all actual, consequential and incidental losses and damages,

27  according to proof;

28      38.    For waiting time penalties according to proof pursuant to California

Labor Code section 203 for all employees who have left Defendants' employ;

39.     For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law;

40.     For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

41.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Seventh Cause of Action**

42.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to timely pay Plaintiff and class members overtime wages, minimum wages, and/or meal and rest period premiums during their employment;

43.     For all actual, consequential and incidental losses and damages, according to proof;

44.     For statutory penalties according to proof pursuant to California Labor Code section 210;

45.     For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law;

46.     For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

47.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Eighth Cause of Action**

48.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-related expenses and costs incurred by Plaintiff and class members;

49.     For unpaid business-related expenses and such general and special

1  damages as may be appropriate;

2      50.    For pre-judgment interest on any unpaid business-related expenses

3  from the date such amounts were due, or as otherwise provided by law;

4      51.    For all actual, consequential, and incidental losses and damages,

5  according to proof;

6      52.    For attorneys' fees and costs pursuant to California Labor Code

7  section 2802(c), or as otherwise provided by law; and

8      53.    For such other and further relief as the Court may deem equitable

9  and appropriate.

10                    **As to the Ninth Cause of Action**

11      54.    That the Court declare, adjudge and decree that Defendants violated

12  the following California Labor Code provisions as to Plaintiff and other

13  aggrieved employees: 510 and 1198 (by failing to pay all overtime

14  compensation); 1182.12, 1194, 1197, 1197.1, and 1198 (by failing to pay at least

15  minimum wages for all hours worked); 226.7, 512(a), 516, and 1198 (by failing

16  to provide all meal periods); 226.7, 516, and 1198 (by failing to authorize and

17  permit all rest periods); 226(a), 1174(d), and 1198 (by failing to provide accurate

18  wage statements and maintain accurate payroll records); 201 and 202 (by failing

19  to timely pay all earned wages upon termination); 204 (by failing to timely pay

20  all earned wages during employment); 1198 and the applicable IWC Wage Order

21  (by failing to provide suitable seating); and 2802 (by failing to reimburse

22  business expenses);

23      55.    For civil penalties pursuant to the California Labor Code, including

24  sections 210, 226.3, 256, 558, 1174.5, 2699(a), (f), and (k), for violations of

25  California Labor Code sections 201, 202, 204, 226(a), 226.7, 510, 512(a), 516,

26  1174(d), 1182.12, 1194, 1197, 1197.1, 1198, and 2802;

27      56.    For injunctive relief pursuant to California Labor Code sections

28  1194.5 and/or 2699(k) to bring Defendants into compliance with the

requirements of California Labor Code sections 201, 202, 204, 226(a), 226.7, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, and 2802;

57. For attorneys' fees and costs pursuant to California Labor Code section 2699(k)(1), and any and all other relevant statutes, for Defendants' violations of California Labor Code sections 201, 202, 204, 226(a), 226.7, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, and 2802;

58. For pre-judgment and post-judgment interest as provided by law; and

59. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Tenth Cause of Action**

60. That the Court declare, adjudge and decree that Defendants' conduct of failing to provide Plaintiff and class members all overtime wages due to them, failing to provide Plaintiff and class members all minimum wages due to them, failing to provide Plaintiff and class members all meal periods, failing to authorize and permit Plaintiff and class members to take all rest periods, failing to provide Plaintiff and class members accurate and complete wage statements, failing to maintain accurate payroll records for Plaintiff and class members, failing to timely pay Plaintiff and class members all earned wages during employment, and failing to reimburse Plaintiff and class members for business-related expenses, constitutes an unlawful business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

61. For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

62. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

63.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

64.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Eleventh Cause of Action

65.    That the Court declare, adjudge and decree that Defendants' conduct of denying Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes an unfair business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

66.    For restitution of the statutory benefits under section 226.7 unfairly withheld from Plaintiff and class members and prejudgment interest from the day such amounts were due and payable;

67.    For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

68.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

69.    For pre-judgment and post-judgment interest as provided by law; and

//
//
//
//
//
//
//
//

70.    For such other and further relief as the Court may deem equitable and appropriate.

Dated: August 28, 2024                    Respectfully submitted,

                                          Capstone Law APC

                                   By: _Roxanna Tabatabaeepour_
                                          Roxanna Tabatabaeepour
                                          Ryan Tish
                                          Alexander Wallin

                                          Attorneys for Plaintiff Jacqueline Ahumada