UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JACQUELINE AHUMADA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GIORGIO ARMANI CORPORATION, et al.,

Defendants.

Case No.: 24-cv-1175-RSH-DEB

**ORDER ON MOTION TO SEAL**

[ECF No. 67]

Before the Court is plaintiff Jacqueline Ahumada's motion to seal Exhibit I to the Grant Declaration, submitted in support of her motion for class certification. ECF No. 67. Plaintiff seeks to seal Exhibit I in its entirety on the grounds that it was designated by Defendant as "CONFIDENTIAL" during discovery pursuant to the terms of the Parties' protective order. *Id.* at 2; ECF No. 68 at ¶¶ 2, 5.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

"Two standards generally govern motions to seal documents like the one at issue here": a "compelling reasons" standard and a "good cause" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). Because Exhibit I was submitted in connection with Plaintiff's motion for class certification, the compelling reasons standard applies. *See Cahill v. Non-Party Media Organizations Insider Inc.*, No. 24-165, 2025 WL 841196, at *1 (9th Cir. Mar. 18, 2025) ("The district court properly applied the compelling reasons standard rather than the good cause standard when determining whether to unseal the materials attached to the class certification motion."); *J.J. v. Ashlynn Mktg. Grp., Inc.*, No. 3:24-CV-00311-GPC-MSB, 2026 WL 1075233, at *1 (S.D. Cal. Apr. 20, 2026) ("[A] "compelling reasons" standard applies to motions to seal documents relating to class certification.").

Here, neither Party has set forth a compelling reason to seal Exhibit I. Plaintiff relies solely on Defendant's designation of Exhibit I as "CONFIDENTIAL" pursuant to the Parties' protective order and otherwise takes no position on whether the exhibit should be sealed. *See* ECF No. 68 ¶ 5. Defendant has not responded to the motion. And the mere designation of a document as "CONFIDENTIAL" under a protective order in discovery is not, by itself, sufficient to meet the compelling reason standard. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003) ("[O]nce the [sealed discovery] documents are made part of a dispositive motion [e.g., a summary judgment motion ruled upon by the court] . . . they lose their status of being raw fruits of discovery, and no longer enjoy protected status without some overriding interests in favor of keeping the discovery documents under seal.") (internal quotation marks

omitted); *Sentynl Therapeutics, Inc. v. U.S. Specialty Ins. Co.*, No. 19CV1667-LAB-AHG, 2021 WL 794271, at *2 (S.D. Cal. Mar. 1, 2021) ("[T]he confidentiality designation comes from the parties—it doesn't signify a court's determination that there are compelling reasons to shield the documents from public view while nevertheless considering them in connection with a dispositive motion").

For the above reasons, Plaintiff's motion to seal is **DENIED**. Plaintiff is **ORDERED** to file Exhibit I to the Grant Declaration (currently lodged at ECF No. 69) on the public docket within **seven (7) days** of the date of this Order.

**IT IS SO ORDERED.**

Dated: August 19, 2026

Hon. Robert S. Huie
United States District Judge